**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| LOST IN REHOBOTH, LLC, a Delaware limited liability company | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BROADPOINT CONSTRUCTION, LLC, a Delaware limited liability company | ) ) ) | C.A. No. S21C-03-021 MHC |
| AND | ) ) | |
| FISHER ARCHITECTURE, LLC a Maryland limited liability company, | ) ) ) | |
| Defendants. | ) | |

## ORDER

This order addresses the issue of the right to a jury trial in a series of contractual disputes between Plaintiff Lost in Rehoboth, LLC ("LIR"), Defendant Broadpoint Construction, LLC, ("Broadpoint"), Defendant Fisher Architecture, LLC ("Fisher"), and Third-Party Defendant Delaray Foundations, Inc. ("Delaray"). The issue was initially raised by Broadpoint in a motion to strike its own jury demand on March 3, 2023. As this Court worked to resolve issues of liability, the number of claims and parties remaining have changed. Broadpoint withdrew its motion and settled its claims remaining in this case only to defend against Fisher's claims. Delaray has been dismissed entirely from the case. However, LIR and Fisher still

1

dispute whether this case should be tried before a jury. The issue is finally ripe for decision.

The key issue is the effect of a waiver of jury rights in the contract between LIR and Broadpoint as it relates to Broadpoint's inconsistent behavior in this case.

The contract between LIR and Broadpoint includes the following clause:

§ 13.2.1 Waiver of Jury Trial

OWNER AND CONTRACTOR HEREBY KNOWINGLY, IRREVOCABLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM BASED UPON THE AGREEMENT OR CONTRACT DOCUMENTS, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THE CONSTRUCTION OF THE WORK OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. IT IS THE INTENT OF THE PARTIES THAT, IN ANY AND ALL LITIGATION BETWEEN THE PARTIES, ALL ISSUES SHALL BE TRIED TO A JUDGE AND NOT A JURY.[1]

Thus, LIR did not demand a jury trial in its complaint filed March 26, 2021.[2] Fisher also did not demand a jury trial in its answer filed May 7, 2021.[3] However, Broadpoint demanded a jury in its answer and third-party complaint against Delarary filed May 28, 2021.[4] Delaray included Broadpoint's jury demand in the captions of

---

[1] Mot. of Def./Third-Party Pl. Broadpoint Construction, LLC, to Strike Demands for Jury Trial, Ex. 1.
[2] Third-Party Def. Delaray's Resp. to Third-Party Pl.'s Mot. to Strike Jury Trial, ¶ 1.
[3] *Id.* at ¶ 2.
[4] *Id.* at ¶ 3.

its motion to dismiss on November 19, 2021, and its answer on March 2, 2022. However, Delaray clarified that "[i]n this case, Delaray did not make a jury demand but instead will not consent to a waiver [of Broadpoint's jury demand]."[5] The Court entered a Pretrial Scheduling Order setting the case for jury trial on April 11, 2022, with no party objecting to the jury designation.[6]

On March 3, 2023, Broadpoint moved to strike its own demand for a jury trial. Delaray and LIR responded with their oppositions to the motion on March 7 and March 9, 2023, respectively. On April 28, 2023, Broadpoint withdrew its motion to strike its jury demand. Delaray was dismissed from the case on July 19, 2023, by stipulation between the parties. This Court could not rule on this issue as it worked to resolve issues of liability. Additional briefing regarding rights to a jury trial were submitted on June 28, 2024, by LIR wanting a jury trial and Fisher opposing a jury trial.

Broadpoint argued prior to its motion withdrawal and Fisher still argues that there should not be a jury trial. Both argue that since Broadpoint waived its rights to a jury under the LIR-Broadpoint contract, Broadpoint was precluded from ever demanding a jury and thus the demand should be struck. Fisher further argues that

---

[5] *Id.* at ¶ 8.
[6] *See* Pl.'s Br. in Supp. of Right to Jury Trial at 4–5.

LIR has no right to demand a jury for any of its remaining claims based on the same contractual language.

Delaray argued prior to its dismissal and LIR still argues that there should be a jury trial. Both claim they relied in good faith on the jury demand and both refused to provide consent to waive a jury demand under Rule 38. Delaray argued that Broadpoint should be estopped from reversing its original position of demanding a jury trial. LIR emphasizes that it never objected to Broadpoint's demand for a jury trial, despite having the contractual right to object, and that Fisher has been on notice of the jury demand for years.

Delaware Superior Court Rule 38 of Civil Procedure ("Rule 38") provides that any party may demand a jury trial by setting forth such a demand on the face of a pleading at any time after the start of the action, but no later than 10 days after the last pleading directed to such issue.[7] Then, trial shall be by jury unless either all of the parties consent to proceed without a jury trial or the Court finds the right of trial by jury does not exist for some or all issues.[8] Federal courts explain that the consent

---

[7] *Commonwealth Constr. Co. v. Cornerstone Fellowship Baptist Church, Inc.*, 2005 WL 3098924, at *2 (Del. Super. Nov. 14, 2005).
[8] Super. Ct. Civ. R. 38(e), 39(a), 39(aa).

4

requirement in the federal version of Rule 38 ensures that one party may rely on another's jury demand.[9]

"Where a party effectively waives its right to trial by jury in a contract, the Court may, upon motion, strike the party's demand for a jury trial from the pleading."[10] Yet federal courts across the country are inconsistent about whether a party's conduct can waive its right to enforce a contractual jury waiver provision with differing results and reasoning.[11]

However, this Court may alternatively exercise its own discretion in handling rights to a jury:

> Superior Court Civil Rule 39(b) provides that notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion, upon motion, may order a trial by a jury of any or all issues.
> In exercising its broad discretion to decide whether or not to grant relief from the waiver, the Court should be guided by certain factors including: 1) the timeliness of the request; 2) whether the failure to make the jury trial demand was due to mistake or excusable neglect; 3) whether the action is particularly suited for a jury trial or is better suited for a bench trial; and 4) whether allowing a jury trial would prejudice the rights of the adverse party, substantially delay the trial, or would interfere with the orderly disposition of the court.
>
> Each factor should be considered and no one factor should carry the day. The particular facts and circumstances of the subject case should

---

[9] *Drumgo v. Dutton*, 2018 WL 1762213, at *3 (D. Del. Apr. 12, 2018) (quoting *Bowers v. City of Philadelphia*, 2008 WL 5234357, at *6 (E.D. Pa. Dec. 12, 2008)).
[10] *The Data Ctrs., LLC v. 1743 Hldgs. LLC*, 2015 WL 6662107, at *3 (Del. Super. Oct. 27, 2015) (citing *Wilm. Tr. Co. v. Renner's Paving, LLC*, 2013 WL 1442366 (Del. Super. Mar. 27, 2013)).
[11] *Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 3017364, at *10 & n.84 (D. Del. July 29, 2022).

be considered as a whole when making the determination as to whether or not to grant relief from the waiver.[12]

Here, Broadpoint reversed its position and moved to strike its own demand almost two years into litigation and one year after failing to object to the Pretrial Scheduling Order setting the case for jury trial on April 11, 2022. LIR and Delaray relied in good faith on Broadpoint's demand for a jury, which is an excusable mistake considering Broadpoint's confusing behavior. This case is not particularly "better suited" for a bench trial as opposed to a jury trial. Fisher has not identified any prejudice it would suffer if LIR's claims were tried by a jury and Fisher has been aware of the demand for years. Furthermore, although LIR may have originally waived its jury rights in the LIR-Broadpoint contract, Broadpoint is the party to have demanded a jury and thus arguably released LIR from that obligation. LIR has already settled its claims against Broadpoint related to the contract. Additionally, Broadpoint withdrew its own motion, essentially abandoning its contractual right to enforce LIR's waiver for a second time. Fisher now stands alone as a non-party to the LIR-Broadpoint contract seeking to enforce a portion of the contract which neither contracting party wishes to enforce anymore.

---

[12] *Kalix v. State*, 2020 WL 865406, at *1 (Del. Super. Feb. 18, 2020) (citations omitted).

6

Thus, under the totality of the circumstances, this Court exercises its discretion under Delaware Superior Court Civil Rule 39(b) to order trial by jury for all remaining claims in the present action.

**IT IS SO ORDERED** on this 23rd day May, 2025.

/s/ *Mark H. Conner*

Mark H. Conner, Judge

oc: Prothonotary

xc: Edward Seglias, Esquire

Eric Scott Thompson, Esquire

Aaron E. Moore, Esquire